**No. 40453.**—Protests 732054–G, etc., of Steel Union, Inc., et al. (Seattle).

Opinion by DALLINGER, J.   On the authority of Abstracts 35479 and 37251 involving similar merchandise the articles in question were found to be structural shapes within the meaning of paragraph 312 and held dutiable at one-fifth of 1 cent per pound as claimed.   *Judson Forwarding Co.* v. *United States* (20 C. C. P. A. 229, T. D. 46038) and *Amerlux* v. *United States* (id. 238, T. D. 46039) followed.

**No. 40454.**—Protest 940294–G of S. Lisk & Bro. (New York).

Opinion by DALLINGER, J.   The sample consists of a dome-shaped piece of metal with a wooden and metal tong or clapper.   There was testimony that it is used as a noisemaker at parties.   The record was found not to sustain the burden of proof resting upon the plaintiffs.   The protest was therefore overruled.

**No. 40455.**—Protests 968558–G, etc., of Testing Machines, Inc. (New York).

Opinion by DALLINGER, J.   It was stipulated that the merchandise consists of automatic testing machines, paper scales, micrometers, and parts of micrometers similar to that passed upon in *Testing Machines, Inc.* v. *United States* (T. D. 49608).   The claim at 27½ percent under paragraph 372 was therefore sustained.

**No. 40456.**—Protest 943458–G of Rockwood & Co. (New York).

Opinion by DALLINGER, J.   It was stipulated that the merchandise consists of candy molds the same as those the subject of Abstract 23492 excepting that the machine of which these molds are parts contains electric heating elements.   On the agreed facts the claim at 35 percent under paragraph 353 was sustained.

**No. 40457.**—Protest 948772–G/87824 of Fee & Stemwedel, Inc. (Chicago).

Opinion by DALLINGER, J.   On the authority of *United States* v. *Oppleman* (25 C. C. P. A. 168, T. D. 49271) the barometer movements in question were held dutiable at 27½ percent under paragraph 372.

**No. 40458.**—Protest 955302–G of Douglas Aircraft Co., Inc. (Los Angeles).

Opinion by DALLINGER, J.   It was stipulated that the merchandise consists of machine guns similar to those passed upon in *Barham* v. *United States* (T. D. 47267).   The claim at 27½ percent under paragraph 372 was therefore sustained.